UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | :     No. 5:19-cr-00032 |
| | : |
| KEVIN W. HANNA, | : |
|                Defendant. | : |

**O P I N I O N**
Motion for Reduction of Sentence, ECF Nos. 49, 53 - Denied

**Joseph F. Leeson, Jr.**                                                           **January 26, 2023**
**United States District Judge**

**I.**        **INTRODUCTION**

Defendant Kevin W. Hanna, who is serving a 10-month sentence for violating his terms of supervised release, has filed a motion for compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A) primarily based on medical and family reasons. The Government opposes release. For the reasons set forth below, the motion is denied.

**II.**        **BACKGROUND**

In early 2019, Hanna pled guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344. *See* Plea Doc., ECF Nos. 10-11. Thereafter, in February 2020, this Court sentenced Hanna to six months in prison, followed by five years of supervised release. *See* Judgment, ECF No. 39. On August 15, 2022, this Court found that Hanna committed three Grade C violations of his supervised release conditions through Hanna's (1) possession of heroin/fentanyl and paraphernalia, (2) arrest for heroin possession, and (3) failure to report to the probation office. *See* Revoc. Report, ECF No. 40; Revoc. Order, ECF No. 46. This Court then revoked Hanna's

supervised release and sentenced Hanna to ten months of imprisonment, followed by one year of supervised release. *See* Revoc. Order.

On December 9, 2022, Hanna filed a letter asking to be released, which this Court construed as a motion for compassionate release. *See* Letter, ECF 49. On December 23, 2022, Hanna filed another, more formal, motion for compassionate release. *See* Motion, ECF 53.[1] Hanna argues, *inter alia*, that he suffers from several untreated medical conditions, and that he needs to be released to support his family. *See id*.

The Government opposes Hanna's Motion, requesting that it be denied because Hanna does not present an "extraordinary and compelling reason" for compassionate release. *See* Resp., ECF No. 55. The Government points out that Hanna is currently being treated for all his diagnosed and reported medical ailments, and that any further conditions for which Hanna seeks a reduction are not unique to him but faced by most other inmates. *See id*.

### III.   LEGAL STANDARD – Review of Applicable Law

The First Step Act empowers criminal defendants to request compassionate release with the court after first complying with the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).[2] Once a defendant satisfies the exhaustion requirement, the court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if it finds that "extraordinary and compelling reasons warrant such a reduction;. . . the defendant is not a danger to the safety of any other person or to the community;" and "such a reduction is consistent with

---

[1]   This Court has reviewed both of the documents in tandem, and to avoid confusion, hereinafter refers to them both as the "Motion," singular.

[2]   Section 3582(c) is actually part of the Sentencing Reform Act of 1984 ("SRA"), but was amended by the First Step Act to provide prisoners a more direct route to court for their claims. *See United States v. Torres*, No. 18-414, 2020 WL 3498156, at *6 (E.D. Pa. June 29, 2020).

applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. Appx. § 1B1.13.

## IV.   ANALYSIS

In his Motion, Hanna alleges, *inter alia*, that his medical and family circumstances warrant his early release.[3] For medical circumstances, Hanna alleges that he suffers from untreated hypoglycemia, Chron's disease, treponema pallidum, opiate use disorder, seizure disorder, hepatitis C, unspecified mental health issues, and that he was injured in an attack by his cellmate. *See* Letter p. 1, Motion p. 3-4. For family circumstances, Hanna asserts that he needs to be released to care for his wife and stepdaughter, who do not have a stable living situation. *See* Letter p. 5; Motion p. 6. However, Hanna has failed to allege an "extraordinary and compelling reason" for compassionate release, and therefore his Motion is denied.

The Sentencing Commission has identified the medical condition of a defendant as an extraordinary and compelling reason if:

---

[3] Although an in-depth discussion is not necessary, the Court briefly notes that Hanna also complains about being subjected to multiple lockdown periods while incarcerated, which is not a circumstance unique to him and therefore does not present an extraordinary and compelling reason to reduce his sentence. *See United States v. Hernandez*, No. 5:13-cr-00200, 2022 U.S. Dist. LEXIS 56311, at *14 (E.D. Pa. Mar. 28, 2022) (holding that "the prison conditions created by the coronavirus pandemic do not present an extraordinary and compelling reason to reduce [a particular inmate's] sentence"); *United States v. Everett*, No. 2:12-cr-162, 2021 U.S. Dist. LEXIS 18320, at *5 (W.D. Pa. Feb. 1, 2021) (concluding that although strict lockdowns and limited access to the library, educational programs, computers, and phones are not ideal, every prisoner is subject to similar pandemic-related conditions).

>    (i)  The defendant is suffering from a terminal illness . . . . [or,]
>    (ii) The defendant is—
>        (I)   suffering from a serious physical or medical condition,
>        (II)  suffering from a serious functional or cognitive impairment, or
>        (III) experiencing deteriorating physical or mental health because of the aging process,
>    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

18 U.S.C. Appx. § 1B1.13, App. Note 1(A). Here, Hanna's medical records reflect that he has been diagnosed with syphilis, chronic viral hepatitis C (which he contracted after being attacked by his cellmate), opioid use disorder, and seizure disorder. *See* Resp. at Ex. A, ECF No. 56, p. 1, 5, 7, 9, 10, 15. Further, his medical records show that his seizure disorder is in remission,[4] and he is currently receiving or has recently received treatment for the remaining conditions.[5] Therefore, Hanna has not alleged an exceptional condition that "substantially diminishes [his'] ability . . . to provide self-care[,]" nor has he presented any evidence "that his conditions are not being appropriately managed by the prison[.]" *See United States v. Pangelinan*, No. 17-483, 2020 U.S. Dist. LEXIS 121710, at *4-5 (E.D. Pa. July 9, 2020) (denying the motion for

---

[4] Hanna alleges that he has had two seizures since his recent incarceration, however, despite regular appointments, Hanna's medical records do not reflect that he reported or visited Health Services for examination or treatment related to his seizure disorder. *See* Ex. A. p. 15, 17, 42, 63.

[5] Hanna recently completed a weekly course of penicillin to treat his syphilis, began hepatitis C treatment, for which he was prescribed Mavyret, and was prescribed sublocade and suboxone to treat his opioid disorder. *See* Resp. at Ex. A, ECF No. 56, p. 1, 3, 52-54. Further, Hanna's medical records confirm that he was injured when bitten by another inmate, which caused him to contract hepatitis C, but this injury was medically addressed, and treatment is ongoing. *See* Ex. A p. 7, 20. Nothing in Hanna's medical records suggests that Hanna is unable to partake in normal, daily activities, or that he is unable to provide self-care due to his conditions. *See United States v. Ramsey*, No. 2:14-cr-00296, 2021 U.S. Dist. LEXIS 26959, at *12 (E.D. Pa. Feb. 12, 2021) (observing that the inmate's "conditions have been adequately managed during his incarceration, he is able to partake in normal activities of daily life, and most importantly, he is able to provide self-care [and t]hese observations weigh against a finding that [the inmate's] medical conditions present extraordinary and compelling reasons for a reduction of his sentence").

compassionate release where there was no evidence that the prisoner's medical conditions were not being appropriately managed).

The Sentencing Commission has also identified the following select family circumstances as "extraordinary and compelling" reasons:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

18 U.S.C. Appx. § 1B1.13, App. Note 1(C).  Here, Hanna asserts that his wife and 17-year-old stepdaughter need his assistance, as their living situation is not stable, and his stepdaughter may be placed in foster care.  Though unfortunate, these are not extraordinary circumstances which warrant the reduction of Hanna's sentence.

Because Hanna has failed to allege an extraordinary and compelling reason for compassionate release, "it is not necessary for the Court to advance to the next step of the § 3582(c)(1)(A)(i) inquiry by assessing the application of the § 3553(a) factors and possible danger to the community imposed." *See United States v. Hight*, 488 F. Supp. 3d 184 (E.D. Pa. 2020) (finding no need to consider the sentencing factors because the inmate failed to present extraordinary and compelling reasons justifying his immediate release).

V.      CONCLUSION

Hanna has failed to provide an extraordinary and compelling reason for his release.  Neither his medical conditions nor family circumstances justify a reduction in sentence.  The Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) is therefore denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge